E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JOHN A. BALLA (Cal. Bar No. 295474)
Assistant United States Attorney
Deputy Chief, Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone:  (951) 276-6246
    Facsimile:  (951) 276-6202
    E-mail:    john.balla@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VIOREL PRICOP,<br><br>    Defendant. | ED CR No. 22-257-SSS<br><br>GOVERNMENT'S MOTION TO RECONSIDER ORDER DENYING LEAVE TO FILE OVERSIZE BRIEF |

      Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney John A. Balla, hereby files its Motion to Reconsider the Court's Order Denying Leave to File Oversize Brief (ECF No. 50).

      First, the government respectfully asks the Court to reconsider because the government had sought defendant's position on the motion for leave before filing but had not received a response before filing the motion. After filing the motion, the government received an email from defense counsel indicating that defendant did not oppose the motion. Given the new information that the motion was unopposed, the government asks the Court to reconsider its denial of the government's motion for leave.

      Second, the government wishes to clarify its reasons for seeking the requested leave. This case involves six charged acts of arson, and the disputed issue here concerns the admissibility of eighteen other acts of arson that the government wishes to admit at trial. The relevant legal standards relating to Federal Rule of Evidence 404 are fact-intensive; they require the Court to consider, among other things, the commonalities of those incidents and the strength of the evidence proving that defendant committed those uncharged acts. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995) (stating that evidence of uncharged acts are "inextricably intertwined" with charged acts, and thus outside the scope of Rule 404, when (1) the charged acts and uncharged acts are part of a "single criminal episode" or (2) when admitting evidence of the uncharged acts is (a) "necessary . . . in order to . . . offer a coherent and comprehensible story" or (b) "to explain . . . the circumstances under which particular evidence was obtained [and] the events surrounding the commission of" the charged acts); *United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004) (stating that a court assessing admissibility other-acts evidence within Rule 404 generally considers whether "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged"). The government must therefore provide the Court with a sufficient evidentiary background on twenty-four fires set over a two-year period and the large mass of evidence accumulated to investigate those fires. More than two thirds of the word count in the government's opposition brief constitutes factual background rather than argument. Further, the most critical evidence in this case comes from analyses of cellular location data, which is presented and understood most easily through map images. About 40 pages of the government's opposition brief constitute images rather than text.

      The undersigned is aware that the local rules provide a 7,000-word limit on briefs and that the Court's criminal standing order provides a 10-page limit on briefs related to

motions in limine. The undersigned is also sensitive to the Court's busy docket and its desire not to waste time reading unnecessarily long briefs. But for the reasons above, exceeding those length requirements is practically necessary for the Court to properly decide defendant's motion in limine.

    For these reasons, the government respectfully requests that the Court reconsider its order denying the government's motion for leave (ECF No. 50).

Dated: December 19, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

/s/ John A. Balla
JOHN A. BALLA
Assistant United States Attorney
Deputy Chief, Riverside Branch Office

Attorneys for Plaintiff
UNITED STATES OF AMERICA